IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　　Plaintiff,<br>　　v.<br>LUCAS MARTINEZ,<br>　　　　　Defendant. | Case No. 14-cr-00420-MMC-1<br><br>**ORDER RE: DEFENDANT'S LETTER DATED JUNE 27, 2016** |

　　　　Before the Court is defendant's letter, dated June 27, 2016, and filed with the Clerk of Court on July 1, 2016. In his letter, defendant refers to a "new law that just went into effect this month of June 2016," which law he describes as "the Johnson law the Arm[ed] Career Criminal Act," and asks the Court to review his case to determine if, in light of the new law, he would or would not qualify for a reduction in his sentence.

　　　　It would appear the new law to which defendant refers is <u>Johnson v. United States</u>, 135 S. Ct. 2551 (2015), in which the Supreme Court found, on June 26, 2015, that the "residual clause" found in the Armed Career Criminal Act ("ACCA") was unconstitutional.

　　　　The "residual clause" is found in a section of the ACCA defining the term "violent felony" and is set forth below in italics:

> [T]he term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that--
>
> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (2) is burglary, arson, or extortion, involves use of explosives, or *otherwise*

1     *involves conduct that presents a serious potential risk of physical injury to another[.]*

2 See 18 U.S.C. § 924(e)(2)(B) (emphasis added).  The term "violent felony," in turn, is

3 found in another section of the ACCA, which provides that "a person who violates section

4 922(g) of [title 18] and has three previous convictions by any court . . . for a violent felony

5 or a serious drug offense, or both, committed on occasions different from one another,"

6 shall be "imprisoned not less than fifteen years."  See 18 U.S.C. § 924(e)(1).

7     Here, defendant was not convicted of violating 18 U.S.C. § 922(g), but, rather of

8 violating 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(1)(B)(iii).  Additionally, as the

9 United States Probation Office stated in defendant's Presentence Investigation Report,

10 and each of the parties acknowledged in their respective sentencing memorandums,

11 defendant has no prior conviction of any kind, let alone three.  Under such

12 circumstances, the holding in Johnson would appear to be inapplicable to defendant.

13     The Court next considers whether defendant may be entitled to a reduction under

14 a theory that the "residual clause" found in the United States Sentencing Guidelines

15 ("U.S.S.G.") is unconstitutional in light of the reasoning set forth in Johnson.

16     The "residual clause" in the U.S.S.G. is found in the guideline defining the term

17 "crime of violence" and is set forth below in italics:

18     The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that--

19

20     (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or

21     (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another*.

22

23 See U.S.S.G. § 4B1.2(a) (emphasis added); United States v. Willis, 795 F.3d 986, 996

24 (9th Cir. 2015).  The term "crime of violence," in turn, is found in the guideline defining

25 "career offender," see U.S.S.G. § 4B1.1(a), and in the guideline setting forth the points

26 attributable to the various types of prior sentences comprising a defendant's criminal

27 history, see U.S.S.G. § 4A1.1(e).

28     At present,  "[i]t is an open question" whether the "residual clause" in U.S.S.G.

"remains valid in light of Johnson"), see Willis, 795 F.3d at 996, and said issue is pending for decision before the United States Supreme Court, see Beckles v. United States, 2016 WL 1029080 (June 27, 2016).

In any event, even assuming the residual clause in § 4B1.2 is unconstitutional, defendant would not appear to be entitled to any relief. As noted above, defendant has no prior convictions and, in calculating the guideline range applicable to defendant, neither the Presentence Investigation Report prepared by the United States Probation Office nor either of the sentencing memoranda filed by the parties made any reference to or otherwise relied on the residual clause in the U.S.S.G. Likewise, the Court, in sentencing defendant, did not refer to or in any other manner rely on said residual clause.

Accordingly, as it does not appear defendant is entitled to a reduction in his sentence, the Court will take no further action on the matter.

**IT IS SO ORDERED.**

Dated: July 19, 2016

MAXINE M. CHESNEY
United States District Judge